IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED
2012 FEB -8 PM 2: 20

CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

**DENNIS LEE KJENNER**

    **Plaintiff,**

    CASE NO.-----------------------

**V.**

**HOME DEPOT U.S.A. INC;**

    JURY DEMANDED

    **Defendant**

---

## COMPLAINT

---

COMES NOW Plaintiff Dennis Lee Kjenner ("Plaintiff") and brings this action against his former employer Defendant Home Depot U.S.A. Inc. ("Defendant") for Discrimination on the basis of race and religion and for retaliation both in violation of 42 U.S.C. ss 1981 of the Civil Rights Act of 1866 and the Tennessee Human Rights Act. Plaintiff has also filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Defendant for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. ss 2000e et seq; and will timely move to amend this Complaint to Add those claims once a Right to Sue Letter has been issued.

### PARTIES

1.     Plaintiff Dennis Lee Kjenner is a White American Male resident of Tipton County, Tennessee and former Sales associate for Home Depot U.S.A. Inc.

1.

2. Defendant Home Depot U.S.A. Inc. is a corporation headquartered in Atlanta, GA. That operates home improvement Big Box retail outlets in the U.S.A. and Around the World The Defendant Employs 355,000 Associates. In the U.S.A.

## JURISDICTION

3. The Court has jurisdiction over Plaintiff's claims brought under 42 U.S.C. ss 1981 pursuant to 28 U.S.C. ss 1331 and 1343(4). In addition, Plaintiff has filed a timely charge of discrimination with the EEOC. The EEOC has completed its investigation, and issued their final determination.

4. Plaintiff requests that the court exercise its pendent jurisdiction under 28 U.S.C. ss 1367 and accept Plaintiff's State law claims arising out of the Defendant's violations of the Tennessee Human Rights Act and the claims arising out of the Defendant's violations of the common law of the State of Tennessee.

## STATEMENT OF FACTS

5. Plaintiff is a White Swedish American Formerly employed by Home Depot U.S.A. Inc.

6. Plaintiff's hiring profile had an extensive background in retail management experience. Defendant hired Plaintiff in 2008 as a sales associate in the paint and hardware Departments Of the Covington Home Depot Store. Plaintiffs duties included sales, merchandising, and Sanitation of both departments. Plaintiff also worked willingly throughout various departments of the store.

7. After a year of dedicated service to the Defendant the Plaintiff received a positive review.

8. In the first quarter of 2009 the Plaintiff was transferred to the appliance department, as an appliance sales specialest. The Plaintiff's position required him to perform various duties including a process called WILL-CALL labeling. Another sales associate named Kizzy had the same job resopnsibilities as the Plaintiff. WILL-CALL labeling was done to preserve the store inventory for a specific customer on a first come basis and paid for basis. Plaintiff would label his sales, and Kizzy would label her sales. Kizzy is an African American woman. On one special occasion Kizzy labeled two appliances that had already been sold by the Plaintiff. For this highly irregular act committed by Kizzy, the Plaintiff was given a disciplinary coaching and write up, and Kizzy was not given disciplinary coaching for the same event. This action of favoring an African American woman with no disciplinary action and in the same Event coaching the plaintiff with disciplinary action constitutes unlawful racial Discrimination in violation of 42 U.S.C. ss 1981;

9. In 2010 Plaintiff was transferred from a sales associate to a position as a cashier. In the spring of the same year the Plaintiff was in the lunch room eating some salmon fish when an associate named Zack entered and started complaining about the smell and said "that salmon smells like some of the girls that I used to date". He went on to discribe how he took his shower and how he soaped and washed vital parts of his body, his testis, and penis. There were several people in the room including Tabatha Barns one of Home Depot's Managers. Allowing this to happen without Redress is an act of intentional sexual discrimination by Home Depot in violation of Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991.

10.     In the second quarter of 2010 the Plaintiff suffered a third incidence of sexual discrimination/harassment. The Plaintiff was taking a break in Home Depots lunch room, when he was approached by an African American female associate named Lashandra Harper. She said " Mr. D I look a lot better naked than I do with my clothes on. " A few hours later she again said as the Plaintiff passed her going to the Garden center " Mr. D are you going pimping in guarden center today " " I know your going to be looking at all those women".

11.     In July week one the plaintiff was assigned to work in the garden center in the hottest part of the day. Even with a fan on at the work station working conditions were extremely hot in the hundreds degrees mark. Mr. Jimmy Stevens Home Depot Assistant Manager, came to the plaintiff and took the liberty to remove the fan that he was using for some comfort, took the fan inside the store and hooked it up so that Lashandra Harper an African American woman associate could be more comfortable when she was already being comforted by the airconditioning of the store.

12.     A fifth incident of sexual harassment was experienced by the Plaintiff in February the spring of 2011 when he went to the lunch room and sat down at the table. There were some mail order catalogues on the table and the Plaintiff flipped through a few pages to discover that it contained four pages of pornographic material devoted to dildos and sex toys. Being a Christian man as he is, he was totally and horribly offended. The Plaintiff will be including copys of these offensive pages as exhibits for jury inspection and evaluation.

13. The Plaintiff after being consistently and repeatedly harassed and discriminated against reported many of these directly to Home Depot's HR Mgr. Ms. Joellen. In her office the Plaintiff was totally and emotionally broken down as he explained all the vivid details of the sexual and discriminatory events that had become commonplace at the Covington Home Depot. The Plaintiff was offered a tissue for his tears but no reinforcement about any corrective action that might take place. He explained to Ms. Joellen that his faith included sincerely held religious ethical and Moral beliefs.

14. After the plaintiff made his confession of faith to the management officials at The Home Depot he was subjected to over secrutination of his work, several frivolous writeups, unwarranted disciplinary actions. All done in retaliation for complaining about violations of the plaintiff's Civil Rights and participitation in a Protected activity.

15. On April 4 2011 the Plaintiff was placed on a " PIP " Personal Improvement Plan. the agreement between Home Depot and the Plaintiff included items of computer learning to be completed by the end of the PIP program. The PIP also included a timeframe for weekly followup meetings. The Plaintiff completed the items suggested for improvement. The Defendant did not hold any weekly meetings as agreed.

16. Also In April of 2011 the Plaintiff met with Mr. Willy the assistant Manager to express his concerns about the lack of opportunity to move back to the Hardware department. This concern was expressed to Dennis Patrick the General Manager of the store as well.

17.     Also in April of 2011 after Plaintiffs discussion with the store Manager he denied Plaintiff the opportunity to move back to the hardware department where he was well Qualified and had received a good evaluation for doing that departments work.

18.     The following week in April the Defendant placed a female associate ( counterpart ) in the position the Plaintiff had asked for the week before. The Plaintiff asked the store Manager to explain the difference in treatment between the new associate counterpart and himself, he said " It's more important for me the store manager to keep my job than it was for the Plaintiff to keep his job.

19.     After these meetings with Management Plaintiff noted increased Supervision of his work and micromanagement by his direct supervisor Nataley Rude.

20.     After the Plaintiff reported three incodences of frequant sexual Harassment by Lashandra Harper the Plaintiff was required by Nataley Rude to stand At attention military style between customer's for long periods of time in a one square Foot circle, as part of the micromanagement directed by Nataley Rude.

21.     In retrospect the Plaintiff contends that the reassignment of job duties in The transfer from appliance department to the cashier position was the leading event That Home Depot would use to alter the Plaintiff's compensation, terms, conditions, and Privileges of employment and use as a pretext "poor job performance" designed to Hide the true retaliatory motive " firing". Home Depot's explaniation for adverse action Is not believable.

## CAUSE OF ACTION

22.     Plaintiff incorporates paragraphs 1 through 21 above as though specifically set forth herein, and alleges that:

23.     Defendant's actions constitute unlawful religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

24.     Defendant's actions constitute unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended and in violation of 42 U.S.C. ss 1981;

25.     Defendant's actions constitute unlawful retaliation and retaliatory harassment in violation of 42 U.S.C. ss 1981;

26.     Defendant's actions constitute unlawful discrimination on the basis of race in violation of the Tennessee Human Rights Act;

27.     Defendant's actions constitute unlawful retaliation and retaliatory harassment in violation of the Tennessee Human Rights Act;

28.     As a direct and proximate result of Defendant's unlawful, discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss. Plaintiff, as a result of Defendant's actions, has suffered damage to his career and reputation, as well. Defendant's discriminatory practices and retaliation have been demeaning to Plaintiff and caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress;

29.     Defendant's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the following relief be granted following a Jury verdict in his favor;

1. Back pay, lost benefits, and other pecuniary losses proximately Caused by Defendant's unlawfull conduct;

2. Front pay and the value of future lost benefits since reinstatement Is not feasible;

3. Compensatory damages against Defendant in an amount to be determined by the jury;

4. Punitive damages against Defendant in an amount to be determined by the jury;

5. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought Pursuant to 42 U.S.C. ss 1981 and T.C.A. ss/ss 4-21-101 et seq.; and,

6. A Concent Decree ordered by the Honorable Judge following a jury Verdict in his favor.

7. Such further relief as is deemed just and proper.

Respectfully
Submitted
Dennis Kjenner
274 Lillie Lane
Burlison TN 38015
(901) 476-6756